IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| INTEGRATED HEALTH SERVICES, INC, | ) | Case No. 00-389 (MFW) |
| | ) | |
| Debtor. | ) | Hearing Date: September 30, 2008 at 3:00 p.m. (ET) |
| | ) | Objection Deadline: September 23, 2008 at 4:00 p.m. (ET) |

## NOTICE OF MOTION

TO: OFFICE OF THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE; COUNSEL TO THE POST-EFFECTIVE DATE COMMITTEE APPOINTED IN THESE CASES; AND ALL PARTIES-IN-INTEREST HAVING FILED A REQUEST FOR NOTICE PURSUANT TO BANKRUPTCY RULE 2002

IHS Liquidating LLC (the "Liquidating LLC") has filed the **MOTION OF THE IHS LIQUIDATING LLC FOR ENTRY OF FINAL DECREE CLOSING THE CHAPTER 11 CASE OF INTEGRATED HEALTH SERVICES, INC.** (the "Motion").

Responses to the Motion, if any, must be filed on or before September 23, 2008 at 4:00 p.m. (Eastern Time) with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801.

At the same time, you must also serve a copy of the response upon the undersigned counsel to the Liquidating LLC so that the response is received on or before the Objection Deadline.

A HEARING ON THE MOTION WILL BE HELD ON **SEPTEMBER 30, 2008 AT 3:00 P.M. (EASTERN TIME)**, BEFORE THE HONORABLE MARY F. WALRATH, UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 MARKET STREET, 5TH FLOOR, WILMINGTON, DELAWARE 19801.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: Wilmington, Delaware
      September 12, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Robert S. Brady (No. 2847)
Edmon L. Morton (No. 3856)
Joseph M. Barry (No. 4221)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600

-and-

KAYE SCHOLER LLP
Arthur Steinberg
Marc D. Rosenberg
Ana Alfonso
425 Park Avenue
New York, NY 10022-3598
(212) 836-8000

Attorneys for IHS Liquidating LLC

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| INTEGRATED HEALTH SERVICES, INC, | ) | Case No. 00-389 (MFW) |
| | ) | |
| Debtor. | ) | Hearing Date: September 30, 2008 at 3:00 p.m. (ET) |
| | ) | Objection Deadline: September 23, 2008 at 4:00 p.m. (ET) |

## MOTION OF THE IHS LIQUIDATING LLC FOR ENTRY OF FINAL DECREE CLOSING THE CHAPTER 11 CASE OF INTEGRATED HEALTH SERVICES, INC.

The IHS Liquidating LLC (the "Liquidating LLC"), by and through its undersigned counsel, hereby submits this motion (this "Motion")[1] for entry of a final decree closing the chapter 11 case of Integrated Health Services, Inc., Case No. 00-389 (the "IHS Case"), pursuant to section 350 of title 11 of chapter 11 of the United States Code (the "Bankruptcy Code"), rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 5009-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). In support of this Motion, the Liquidating LLC respectfully represents as follows:

### Jurisdiction

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this chapter 11 case and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022 and Local Rule 5009-1.

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the *Amended Joint Plan of Reorganization of Integrated Health Services, Inc. and Its Subsidiaries Under Chapter 11 of the Bankruptcy Code* (the "IHS Plan").

## Background

2.  On February 2, 2000, Integrated Health Services, Inc. (the "Debtor") and certain of its direct and indirect subsidiaries (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Clerk of this Court. The Debtors thereafter continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.  The Debtors' chapter 11 cases were consolidated for procedural purposes and jointly administered pursuant to an Order of this Court.

4.  By order (the "Confirmation Order") dated May 12, 2003, the Court confirmed the IHS Plan, which became effective on September 9, 2003 (the "Effective Date"). Pursuant to section 5.9 of the IHS Plan, the Liquidating LLC was formed to perform certain functions under the IHS Plan, including the reconciliation of prepetition claims and the making of distributions on account of allowed prepetition claims. The IHS Plan provides that upon the conclusion of that process, the Liquidating LLC will file a final report of distributions and wind up the affairs of the Liquidating LLC. The Liquidating LLC expects that the reconciliation of all prepetition claims against the Debtors' estates will be finished as of approximately October 15, 2008. Moreover, distributions to Holders of Allowed Claims are substantially complete.[2]

5.  Pursuant to the Confirmation Order, subsequent to the Effective Date, the Liquidating LLC is required to pay only those Quarterly Fees and file only those operating reports attributable to the IHS Case. As of the filing of this Motion, the Liquidating LLC is current with respect to these obligations.

---

[2] The Liquidating LLC is aware that certain Administrative Expense Claims have been filed in the IHS Case. However, pursuant to the IHS Plan, Abe Briarwood Corp., as the Purchaser of the Debtors' long-term care and contract rehabilitation therapy businesses, is responsible for the reconciliation of these claims.

6. As set forth in greater detail on the schedule annexed hereto as <u>Exhibit A</u>, on January 16, 2003 and December 17, 2004, respectively, this Court entered Orders closing the chapter 11 cases of Rotech Medical Corporation, *et al*. On May 5, 2004, the Liquidating LLC obtained an extension of the deadline to delay the entry of a final decree pursuant to Local Rule 5009-1(a) (abrogated 2006) solely with respect to the IHS Case. However, neither the Liquidating LLC nor any other party sought to delay the entry of a final decree pursuant to Local Rule 5009-1(a) (abrogated 2006) with respect to the other Debtors' chapter 11 cases.[3] Accordingly, only the IHS Case remains open.[4]

## Relief Requested

7. By this Motion, the Liquidating LLC seeks entry of an order closing the IHS Case pursuant to section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022 and Local Rule 5009-1, effective as of approximately October 15, 2008 (the "<u>Termination Date</u>").

## Basis for Relief Requested

8. After an estate is fully administered and the court has discharged the trustee, a court, on motion of a party in interest, may grant a final decree closing a chapter 11 case. 11 U.S.C. § 350(a); Fed. R. Bankr. P. 3022. Local Rule 5009-1 provides that "a party in interest may file a motion for entry of a final decree at any time after [a] confirmed plan has been substantially consummated provided that all required fees due under 28 U.S.C. § 1930 have been paid." Del. Bankr. L.R. 5009-1.

9. The term "fully administered" is not defined in the Bankruptcy Code or the Bankruptcy Rules. As one court noted, fully administered could mean very different things:

---

[3] Pursuant to previous Orders entered by the Court, the deadline to further delay the entry of a final decree expired on June 8, 2004.

[4] Subsequent to the filing of this Motion, to the extent any party-in-interest contends that the Debtors' other chapter 11 cases remain open; the Liquidating LLC requests that this Motion be accepted as its request to close all of the Debtors' chapter 11 cases.

3

"[a]t one extreme, an estate could be fully administered when a Chapter 11 plan is confirmed and the estate dissolves . . . [a]t the other extreme, an estate could be fully administered when all that is called for under a plan occurs." *In re Mold Makers*, 124 B.R. 766, 768 (Bankr. N.D. Ill 1990).

10. Bankruptcy Rule 3022 affords the court "flexibility in determining whether an estate is fully administered." *Spierer v. Federated Dept. Stores, Inc. (In re Federated Dept. Stores, Inc.)*, 2002 U.S. App. LEXIS 16059, at *6 (6th Cir. Aug. 5, 2001). Each request to close a chapter 11 case is reviewed by a bankruptcy court on a case-by-case basis considering all relevant factors, including the factors identified in Bankruptcy Rule 3022. *Id.* at *7. Factors that courts consider when determining if an estate has been fully administered include: (i) whether the order confirming the plan has become final; (ii) whether deposits required by the plan have been distributed; (iii) whether the property proposed by the plan to be transferred has been transferred; (iv) whether the debtor or the successor to the debtor has assumed the business or management of the property dealt with by the plan; (v) whether payments under the plan have commenced; and (vi) whether all motions, contested matters, and adversary proceedings have been resolved. Fed. R. Bankr. P. 3022 advisory committee's note.

11. The Advisory Committee's note, however, is silent as to the number of factors required to be satisfied before a case is deemed fully administered. While courts often apply the six factors described above, those factors merely serve as a guide to assist in the determination of whether a case is fully administered. Failure to completely satisfy all factors will not prevent a case from being deemed fully administered. In fact, several courts have acknowledged that "these factors are but a guide in determining whether a case has been fully administered, and not all factors need to be present before the case is closed." *In re SLI, Inc.*, 2005 Bankr. LEXIS 1322, at *5 (Bankr. D. Del. June 24, 2005); *see also In re Rebel Rents, Inc.*,

326 B.R. 791, 804 n.19 (Bankr. C.D. Cal. 2005) ("[A]ll of the factors in the Committee Notes need not be present before the court will enter a final decree."); *In re Mold Makers, Inc.*, 124 B.R. at 768 (1990) ("[A]ll of the factors in the Committee Note need not be present before the Court will enter a final decree. Instead, the Committee Note and the factors therein merely serve as a guide in assisting the Court in its decision to close a case.").

12. Other courts have suggested that substantial consummation is sufficient for entry of a final decree. *In re BankEast Corporation*, 132 B.R. 665, 668 n.3 (Bankr. D.N.H. 1991) ("This Court deems a chapter 11 estate to be 'fully administered' pursuant to Bankruptcy Rule 3022 at the point of substantial consummation as defined by §1101(2) of the Bankruptcy Code"); *In re Consolidated Pioneer Mortgage Entities*, 248 B.R. 368, 379 (9th Cir. BAP 2000) (indicating that entry of a final decree would be appropriate if a plan were substantially consummated). Substantial consummation is defined as:

> (A) transfer of all or substantially all of the property proposed by the plan to be transferred; (B) assumption by the Debtor or by the successor to the Debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and (C) commencement of distribution under the plan.

11 U.S.C. § 1101(2). Each of these factors has been satisfied in this case.

13. All expenses arising from the administration of the Debtor's estate, including court fees, US Trustee Fees, professional fees, and expenses, have been or will be paid in the amounts due by the Termination Date.

14. All motions, contested matters, and other proceedings, which were before this Court in this chapter 11 proceeding have now been resolved, or will be resolved at the hearing to be held contemporaneous with the instant Motion.

5
DB01:2627827.3                                                                                                                                                                                                                                                            056309.1001

15. With the exception of the funds being held in escrow to satisfy obligations owed to the Holders of 1999 Tort Claims,[5] the Liquidating LLC is near completion as to all distributions in this case, and will make any final distributions on or before the Termination Date.

16. Accordingly, pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, the Liquidating LLC hereby seeks the entry of a final decree of the Court closing the IHS Case (the "Final Decree").

17. In addition, the Liquidating LLC requests the entry of an Order terminating the services of the Debtors' Court-approved claims and noticing agent, Epiq Systems – Bankruptcy Solutions, f/k/a Poorman-Douglas Corporation ("Epiq"), following the occurrence of the Termination Date, and directing Epiq to file a summary report and forward all proofs of claim and any documents related thereto to the Clerk of the United States Bankruptcy Court for the District of Delaware, or such other location as the Clerk might request.

18. Finally, the Liquidating LLC submits that the entry of the Final Decree be without prejudice to the rights of any party to seek to reopen the IHS Case pursuant to section 350(b) of the Bankruptcy Code.

## Final Report

19. The Liquidating LLC will subsequently file the final report, as required by Local Rule 5009-1(c), prior to the hearing on this Motion.

---

[5] Prior to the Termination Date, the Liquidating LLC intends to appoint a disbursing agent to administer and distribute the funds remaining in the 1999 Insured Tort Claims Escrow and any additional funds deposited into the 1999 Insured Tort Claims Escrow by the applicable insurance carrier, as provided.

## Notice

20. Pursuant to Rule 2002-1(b) of the Local Rules, notice of this Motion has been given to the U.S. Trustee, the Post-Confirmation Committee, and all parties that have filed notices of appearance in the IHS Case. In light of the nature of the relief requested, the Liquidating LLC submits that no further notice of this Motion is necessary or required.

## Conclusion

WHEREFORE, the Liquidating LLC respectfully requests that this Court enter an order substantially in the form attached hereto as Exhibit B: (i) entering a final decree closing the IHS Case; and (ii) granting such other and further relief as is just and proper.

Dated: Wilmington, Delaware
September /2, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Robert S. Brady (No. 2847)
Edmon L. Morton (No. 3856)
Joseph M. Barry (No. 4221)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600

-and-

KAYE SCHOLER LLP
Arthur Steinberg
Ana Alfonso
425 Park Avenue
New York, NY 10022-3598
(212) 836-8000

Attorneys for IHS Liquidating LLC